USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1332 STARLIGHT SUGAR, INC., ET AL., Plaintiffs - Appellees, v. NEFTALI SOTO, INDIVIDUALLY AND AS SECRETARY OF THE DEPARTMENT OF AGRICULTURE OF THE COMMONWEALTH OF PUERTO RICO, Defendant - Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. P rez-Gim nez, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Coffin, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ _____________________ Edgardo Rodr guez-Quilichini, Assistant Solicitor General, _____________________________ Department of Justice, with whom Carlos Lugo-Fiol, Solicitor _________________ General, and Edda Serrano-Blasini, Deputy Solicitor General, were ____________________ on brief for appellant. Marcos A. Ram rez-Lavandero, with whom Eduardo A. Vera- ____________________________ __________________ Ram rez, Janice M. Guti rrez-Lacourt and Marcos A. Ram rez _______ _____________________________ ___________________ Lavandero & Associates were on brief for appellees. ______________________ ____________________ May 30, 1997 ____________________ TORRUELLA, Chief Judge. The Department of Agriculture TORRUELLA, Chief Judge.  ___________ of the Commonwealth of Puerto Rico urges us to vacate a preliminary injunction issued on December 21, 1995 that bars the enforcement of Section Six of its Market Regulation 13.1 Section Six prohibits the importation into Puerto Rico of refined sugar intended for consumer sale that is not prepackaged in units of five pounds or less. The district court held that the regulation violated the Commerce Clause in its "dormant" state and the Equal Protection Clause and also found that the plaintiff sugar importers had met all of the grounds for preliminary injunctive relief.  Under our four-part test for determining whether the grant or denial of preliminary injunctive relief is appropriate, the district court must consider: (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4)  ____________________ 1 Section VI of Regulation 13 of the Puerto Rico Department of Agriculture provides in pertinent part: A. Refined sugar to be imported in Puerto Rico shall come in consumer size packages inside the corresponding shipping containers. For the purposes of this Regulation a consumer size package is one whose net content does not exceed five (5) pounds. B. . . . Imported refined sugar for industrial use shall not be repacked in consumer-size packages for direct sales to the consumers. -2- the effect (if any) of the court's ruling on the public interest. Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 ____________________________ ______________ (1st Cir. 1996). On appeal, the standard of review is deferential, and we have said that "unless the appellant can show that the lower court misapprehended the law or committed a palpable abuse of discretion, the court of appeals will not intervene." Id. at 16. ___ Upon careful consideration of the briefs, arguments of counsel, and the record in this case, we find no abuse of discretion and no error of law, and therefore affirm in light of affirm ______ the sound reasons provided in the district court's thorough opinion. See Starlight Sugar, Inc. v. Soto, 909 F. Supp. 853 ___ _____________________ ____ (D.P.R. 1995). We only note the following. With respect to the likelihood of success on the merits, Commerce Clause caselaw strongly supports the position of the plaintiff sugar importers. The Department of Agriculture asks that the dormant Commerce Clause balancing test put forward in Pike v. Bruce Church, Inc., ____ __________________ 397 U.S. 137, 142 (1970), be applied to Section Six, and it seems to acknowledge that for Pike to apply, it must characterize ____ Section Six as an evenhanded regulation that imposes only an incidental burden on interstate commerce. Section Six is plainly not such a creature. As the district court properly found, where a state law or regulation, such as Section Six, facially discriminates against interstate commerce, and has as its very purpose the protection of local economic interests, it must -3- withstand the most stringent form of scrutiny under the Commerce Clause. See, e.g., West Lynn Creamery v. Healy, ___ U.S. ___, ___ ____ __________________ _____ 114 S. Ct. 2205, 2211-13 (1994). Under such strict scrutiny, facially discriminatory regulations are presumptively invalid and are "routinely struck down," unless it can be shown that they serve a legitimate local interest "unrelated to economic protectionism" -- an interest, furthermore, that cannot be served through non-discriminatory means. New Energy Co. v. _______________ Limbach, 486 U.S. 269, 274 (1988); see also Maine v. Taylor, 477 _______ ________ _____ ______ U.S. 131, 138 (1986) (upholding facially discriminatory import restriction as necessary to protect in-state wildlife). Here, appellants can only justify their restriction of bulk sugar importation and subsequent packaging for consumer sale by listing the various local benefits attendant to economic protectionism itself.2 "[W]here simple economic protectionism is effected by state legislation, a virtually per se rule of invalidity has been ______ erected." City of Philadelphia v. New Jersey, 437 U.S. 617, 624 ____________________ __________ (1978). The district court also did not abuse its discretion in finding the potential for irreparable harm. See 909 F. Supp. at ___ 861-62. The district court found that irreparable harm was  ____________________ 2 Appellants concede that Section Six has provided a competitive advantage to the Puerto Rico sugar corporation, which owns the only existing refinery in Puerto Rico. In support of Section Six, appellants cite such local interests as the protection of jobs in the Puerto Rico sugar industry, the preservation of rural culture associated with sugar production, and the prevention of certain demographic changes (the movement of unemployed sugar workers from rural areas to urban areas) that may result were unfettered interstate competition allowed.  -4- threatened by the inability of the plaintiff sugar importers to take advantage of an impending shortage of sugar supply in Puerto Rico. The Department of Agriculture argues that a potential harm cannot be deemed "irreparable" if it is of a kind that can be later compensated through money damages. While it is true that injunctive relief is generally inappropriate where money damages can make a plaintiff whole, we have recognized that the loss of a unique or fleeting business opportunity can constitute irreparable injury. See Hyde Park Partners v. Connolly, 839 F.2d ___ __________________ ________ 837, 853 (1st Cir. 1988) (injunction may be appropriate where timing, in tender offer context, is crucial); see also Baccarat, ________ ________ 102 F.3d at 18-19 ("[A] plaintiff need not demonstrate that the denial of injunctive relief will be fatal to its business. . . . If [it] suffers a substantial injury that is not accurately ________________________ measurable or adequately compensable by money damages, __________ irreparable harm is a natural sequel.") (citations omitted) (emphasis added). The concern in the present situation is clear: although we remain in the domain of economic profit or loss, a context in which compensation through legal remedies is preferred, as a practical matter the potential value of an evanescent business opportunity may be extremely difficult to measure, after the fact. The district court did not abuse its discretion, therefore, in finding that plaintiffs were threatened with irreparable harm through the ongoing enforcement of Section Six. Affirmed.  Affirmed ________ -5-